UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Velde,   Civ. No. 10-3761 (MJD/LIB)

        Plaintiff,

v.   **REPORT AND RECOMMENDATION**

Gerald O. Christenson et al,

        Defendants.

This matter came before the undersigned United States Magistrate Judge upon Plaintiff's motion to remand the matter to Bankruptcy Court. The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1. The Court held a hearing on Plaintiff's motion on December 19, 2012. For the reasons outlined below, the Court recommends that Plaintiff's motion be **GRANTED**.

## I. BACKGROUND

On May 15, 2008, Gerald O. Christenson and Anita R. Christenson (Debtors) filed a Chapter 7 bankruptcy petition. (See Compl. [Docket No. 1, Ex. 1] ¶ 1). David Velde (Plaintiff) is the bankruptcy trustee in the case. (Id.) Between 1981 and 2000, Debtors established several trusts. (Id. ¶¶ 5-15). Plaintiff commenced this action in the Bankruptcy Court:

> 1) to recover property of the debtors not disclosed in their bankruptcy filing, pursuant to 11 U.S.C. §§ 541 and 542; 2) to recover transfers of property of the debtors which were fraudulent transfers, pursuant to 11 U.S.C. §§ 548 and 544; and 3) to recover transfers of property of the debtors which were preferences pursuant to 11 U.S.C. § 547.

(Id. ¶ 16).

Through 1992 and 2008, Debtors made numerous transfers of money and executed mortgages, for which Plaintiff alleges there was no consideration. (Id. ¶¶ 27-39). Plaintiff alleges that these transfers were fraudulent in nature and seeks to recover the entire property or value of each transfer. (Id. ¶ 40).

On June 9, 2010, Defendants Terry J. Christenson and M. Teri Christenson individually and in their trustee or beneficiary capacity on behalf of ARC of Minnesota Limited Partnership, A & G Living Trust, and Shoreline Trust answered the complaint and demanded a jury on all issues involving Minnesota Law in whole or part. (See Docket No. 1, Ex. 6 at 2). Defendant Airway Trust answered on June 14, 2010 and also demanded a jury trial on such issues. (See id., Ex. 7 at 1). Defendants Dean and Megan Christenson also answered on June 14, 2010 and demanded a jury trial on those issues. (See id., Ex. 8 at 1). Defendant Christenson Farms likewise answered on June 14, 2010 and made a jury trial demand. (See id., Ex. 9 at 1). On July 6, 2010, Defendants Dean and Meagan Christenson, Christenson Farms, and Airway Trust all filed amended answers but continued to make a jury demand. (See id., Exs. 14, 15, 16).

On August 25, 2010, the Bankruptcy Court denied Defendants' numerous motions to dismiss, attacking the complaint for failure to state a claim. (See Order [Docket No. 1, Ex. 25]). On August 26, 2010, based on the demands for a jury trial by some of the Defendants, the United States Bankruptcy Court for the District of Minnesota (Judge Dennis O'Brien) transferred the matter to the District Court for the District of Minnesota. (See Docket No. 1).

Although it was initially unclear whether the motions to dismiss filed in the Bankruptcy Court continued to be pending, because the parties represented that at least some of them were engaged in settlement discussions, this Court struck a motion hearing scheduled for March 30, 2011 and scheduled a status conference for April 13, 2011. (See Docket No. 14).

On April 12, 2011, the parties advised the Court that all maters had settled except those pertaining to Defendants Gerald and Anita Christenson and to the extent they represent the interests of Defendants A & G Farm Co., A&R Investments, Anita R. Christenson Trust Dated June 13, 1988, A & G Living Trust, Heartland Enterprises, Silver Ridge Trust, EL Price Trust, and ARC of Minnesota L.P. (See Letter [Docket No. 16]). The Court held a status conference on April 13, 2011 during which time the parties represented that they expected settlement in the case that could prompt a transfer to Bankruptcy Court. (See Docket No. 17).

On June 9, 2011, the Court held another status conference during which time the parties advised the Court that "partial settlements with some parties and trustee are pending execution and approval by the Bankruptcy Court. Once settlements are approved, all claims which were subject to timely requests for jury trial will have been resolved, and remaining claims can be referred back to the Bankruptcy Court." (See Docket No. 19).

On October 27, 2011, the parties filed the settlement agreement they planned to submit for approval with the Bankruptcy Court. (See Docket No. 22).[1]

On December 8, 2011, Defendants Shoreline Trust, Terry J. and M. Teri Christenson, Christenson Farms, A & G Living Trust, and ARC of Minnesota withdrew all of their motions to dismiss and demands for jury trial. (See Docket No. 26). On January 24, 2012, Defendants Airway Trust, Dean and Meagan Christenson, and Christenson Farms withdrew their motions to dismiss and demands for jury trial. (See Docket No. 25).

On August 22, 2012, pursuant to the parties' stipulation, the Court entered an order dismissing the action against Defendants Terry J. Christenson, M. Terri Christenson, Shoreline

---

[1] At the hearing, Plaintiff's counsel provided that the settlement agreement was approved by Judge O'Brien in August of 2012.

Trust, Dean G. Christenson, Meagan J. Christenson, Airway Trust and Christenson Farms. (See Order [Docket No. 30]).

After correspondence between the Court and Plaintiff, on October 4, 2012, the Court held another status conference. (See Docket No. 32). Subsequently, Plaintiff filed the present motion to remand the matter to the Bankruptcy Court because all "the defendants who had previously demanded a jury trial have now settled their dispute with plaintiff and/or withdrawn their demand for a jury trial." (Motion [Docket No. 35] at 2).

## II. DISCUSSION

Plaintiff's argument for why the case should be remanded to Bankruptcy Court was indeed short and succinct:

> This proceeding was transferred to this Court by Order of the Honorable Dennis D. O'Brien, Judge of Bankruptcy Court, dated August 26, 2010, on the basis that the defendants that had appeared in the matter had demanded a jury trial and had not consented to the trial of this matter by the bankruptcy court. The defendants who had previously demanded a jury trial have now settled their dispute with plaintiff and/or withdrawn their demand for a jury trial. The defendants who have not been dismissed from this proceeding, to-wit, Debtors Gerald O. Christenson and Anita R. Christenson, individually and in their capacities as trustee or co-trustees of Defendants A & G Farm Co., A & R Investments, Anita R. Christenson Trust dated June 13, 1988, A & G Living Trust; Heartland Enterprises, Silver Ridge Trust, E.L. Price Trust, and ARC of Minnesota Limited Partnership, have not made a demand for a jury trial. As a result, the reason this matter was transferred from bankruptcy court to district court is no longer present and the matter should be remanded to bankruptcy court.

(Mem. of Law in Supp. of Mot. to Remand [Docket No. 36] at 1-2).

The only remaining Defendants are Gerald O. Christenson, Anita R. Christenson, Heartland Enterprises, Silver Ridge Trust, E.L. Price Trust, ARC of Minnesota Limited Partnership, A & G Farm Co., A & R Investments, Anita R. Christenson Trust, A & G Living Trust. After reviewing the filings in the bankruptcy matter and this matter, Plaintiff is indeed

4

correct that, at least prior to the hearing on this motion, "none of the other defendants still a party to this proceeding have demanded a jury trial." (Aff. of Robert Russell [Docket No. 38] ¶ 4).

Where no claims remain before the Court to be tried by a jury, the Court has the authority to remand the matter to the Bankruptcy Court. See Rossi, McCreery & Associatese, Inc. v. Abbo, 1994 WL 903280, at *1 (N.D. Ohio Sept. 20, 1994). In Rossi, the case had been removed to the District Court from the Bankruptcy Court based on a demand for trial by jury. Id. Upon Plaintiff's motion to remand, the court found that the sole issue before the court pertaining to dischargability was not to be tried before a jury. Id. As such, the court struck the jury demand and remanded the case to the Bankruptcy Court for all further proceedings. Id. Because the Court here finds that none of the remaining Defendants have made a proper and timely demand for a jury trial, remand to the bankruptcy court is likewise appropriate.

At the hearing, Defendant Gerald Christenson made an appearance pro se and attempted to make a demand for a jury trial.[2]

Defendant Gerald Christenson's attempt to make a demand for a jury trial at the hearing is improper for several reasons. First, his request was not made by a proper motion as required

---

[2] Although the docket sheet indicates that Defendant Gerald Christenson is represented by counsel, until the hearing he had made no appearance at all, and, at the hearing, he confirmed that he is, in fact, proceeding pro se. (See Letter [Docket No. 11] at 1). At the hearing, Defendant Gerald Christenson made a request to have counsel appointed for him by the Court. First, Defendant Gerald Christenson's request has not been made by a proper motion prior to the hearing on the motion to remand and is not in compliance with the Local Rules; thus, the Court need not consider it. Nevertheless, even if the Court were to consider the motion, the Court would deny it. "[A] civil litigant has no constitutional or statutory right to a court-appointed attorney," Rayes v. Johnson, 969 F.2d 700, 702 (8th Cir. 1992), and the appointment of counsel "is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Aune v. Ludeman, No. 09-15 (JNE/SRN), 2009 WL 1586739, at *6 (D. Minn. Jun. 3, 2009). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). Here, Defendant Gerald Christenson has had more than two years to investigate the facts and make an appearance in this case since it was transferred from the Bankruptcy Court. There is no conflicting testimony, and at this stage, the only remaining issue is whether he has waived his right to demand a jury trial. Under these circumstances, neither the facts nor the legal issues in this case are so complex such as to justify appointment of counsel. Moreover, it appears that Defendant Gerald Christenson has the resources to hire private counsel, as evidenced by his prior retention of bankruptcy counsel; his inability to get along with retained counsel (giving rise to the Bankruptcy Court granting a motion of counsel to withdraw without substitution) does not create cause for the Court to appoint him counsel in this case.

under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 38(b) provides that "[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." However, "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d); see also Irvine v. Luckenbach S.S. Co., 7 F.R.D. 127, 128 (S.D. N.Y. 1946) (finding that the plaintiff had waived his right to a jury trial because demand for a jury trial was made twelve days late); In re Dierschke, 1992 WL 333904, at *6 (N.D. Tex. Feb. 25, 1992). Indeed, even if a jury trial demand has been made, default may serve to waive the demand. See Rubin v. Johns, 109 F.R.D. 174, 178 (D. V.I. 1986) ("We view the failure of Johns to appear as a waiver, insofar as his constitutional right to a jury trial is concerned.").

There is, however, the opportunity for the Court "on motion, [to] order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). No such motion has properly been made here. Furthermore, even if the Court were to construe Defendant Gerald Christenson's request at the hearing as a motion under Federal Rule of Civil Procedure 39(b), the request is improper under this Court's Local Rules because Defendant Gerald Christenson failed to file any response to the present motion to remand the matter to Bankruptcy Court, despite receiving notice of the motion more than 45 days in advance, (see Certificate of Service [Docket No. 42]), which permits the Court to refuse to consider any of Defendant Gerald Christenson's statements and arguments made at the hearing. See D. Minn. LR 7.1(g). Although Defendant Gerald Christenson is proceeding pro se in this matter, the Eighth Circuit Court of Appeals and this Court, on numerous occasions, have explained that even "pro se litigants are not excused from compliance with substantive and procedural law." See, e.g., Brown v. Frey, 806 F.2d 801,

804 (8th Cir. 1986). More importantly, however, even if the Court were to consider Defendant Gerald Christenson's procedurally improper demand for a jury trial, such a demand is clearly untimely and has not been made in writing. A defendant in a bankruptcy proceeding must make a jury demand in compliance with Federal Rule of Civil Procedure 38. See Fed. R. Bank. P. 9015(a) ("Rules 38, 39, 47-49, and 51, F. R. Civ. P., and Rule 81(c) F. R. Civ. P. insofar as it applies to jury trials, apply in cases and proceedings, except that a demand made under Rule 38(b) F. R. Civ. P. shall be filed in accordance with Rule 5005."); In re Yukon Energy Corp., 138 F.3d 1254, 1260 (8th Cir. 1998) ("Under the local bankruptcy court rules, the failure of a party to demand a jury trial on a given issue within ten days[3] of service of the last pleading on that issue constitutes a waiver of the right to a jury trial."); In re Matrix Imaging Servs. Inc., 479 B.R. 182, 188 n.5 (Bkrtcy. S.D. Ga. 2012) ("Rule 38 of the Federal Rules of Civil Procedure is made applicable in adversary proceedings by Rule 9015 of the Federal Rules of Bankruptcy Procedure."); In re Cantu, 2009 WL 1067072, at *1 (Bkrtcy. S.D. Tex. Mar. 30, 2009) ("Defendant did not demand a jury trial within this 10–day time period. Consequently, Defendant waived any right to a jury trial."). Furthermore, a jury demand must be made in writing. See Fed. R. Civ. P. 38(b); Silverman v. Silverman, No. 00-2274 (JRT), 2002 WL 264932, at *4 n.5 (D. Minn. Feb. 21, 2002); In re Latimer, 918 F.2d 136, 137 (10th Cir. 1990) (finding that the "bankruptcy court properly denied the request for a jury trial because defendants made an oral rather than a written request for jury trial," which was not in compliance with Fed. R. Civ. P. 38 and Fed. R. Bank. P. 9015). Here, Defendant Gerald Christenson failed to make a timely jury demand, and he has waived that right.

---

[3] Federal Rule of Civil Procedure 38 was amended in 2009 to allow for 14 days instead of 10 days.

Therefore, because no remaining Defendant has made a timely demand for a jury trial, except for ARC of Minnesota Limited Partnership and A & G Living Trust who have withdrawn their demands for a jury trial, the matter should be remanded to the Bankruptcy Court.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1) Plaintiff's motion to remand the matter to bankruptcy court [Docket No. 35] be **GRANTED** as more fully explained above.[4]

Dated: February 27, 2013

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by March 13, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.

---

[4] The Court also notes that Defendant Gerald Christenson's pro se appearance at the hearing does not in any way cure his default as to Plaintiff's claims, and he has offered no exhibits or evidence to support his mere allegations of misconduct by the Trustee or counsel for any parties that have appeared by counsel, nor does he have standing to contest settlement with dismissal of some of the Defendants. Additionally, while on January 2, 2013 Defendant Gerald Christenson filed a letter to the Court advising that after he received a transcript of the proceedings, he would "inform [the Court] of the mis-statements of truth presented to the Court by attorney, Robert L. Russell, who acted on behalf of the Plaintiff, David Velde, who he calls his client," (see Letter [Docket No. 44]), to date, he has submitted no further communications to the Court, nor has he sought permission to do so.